The Honorable Claud Cash State Representative Route 2, Box 45 Trumann, Arkansas 72472
Dear Representative Cash:
This is in response to your request for an opinion on two questions prompted by the Mayor of the City of Trumann. Those questions are as follows:
 1. Can a City enter into a contract through the Chamber of Commerce for Economic Development; and can the person also be hired as the Director of the Local Chamber of Commerce, if the City is not paying anything but a fee for Industrial and Economic Development for that City?
 2. Can a City Council vote to pay the annual dues of the Office of the Mayor to a Country Club, if they feel as Mayor of a First Class City, that the office should hold that membership for the purpose of entertaining other State and Local Officials, as well as Industrial Prospects looking to relocate in this area of the State? If this is not an individual membership, but a membership belonging to that office; and it was voted on by the full Council by a majority vote?
Similar questions were addressed in Op. Att'y Gen. 93-416, recently issued to you. It was noted in response to your first question therein that cities are authorized to contract with chambers of commerce for "actual services received." The question of whether the contract is supported by adequate consideration, or whether it is a mere ruse to avoid the provisions of Arkansas Constitution, art. 12, 5 is one of fact. If the City of Trumann pays a fee to the local Chamber of Commerce for actual services received, and a portion of the funds provided are used to pay the salary of the Executive Director, the transaction may be constitutional and lawful, but the issue will turn upon the facts surrounding the contract. The Attorney General is not empowered as a fact finder in issuing Attorney General opinions.
In response to your second question, it is my opinion, as stated in Op. Att'y Gen. 93-416, that the public payment of country club dues on behalf of an elected official would not be for a proper "public purpose." This opinion is not changed by the fact that the membership would be held in the name of the office or that it was approved by a majority of the council.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure